# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL CARIOLA : CIVIL ACTION
:
v. :
:
SCI CHESTER, et al. : NO. 17-3851

## MEMORANDUM

JONES, J. SEPTEMBER 28, 2017

Plaintiff Michael Cariola, a prisoner at the Chester County Prison, brings this action pursuant to 42 U.S.C. § 1983, based on events that took place while he was incarcerated at the State Correctional Institution at Chester. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint without prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### I. FACTS

Plaintiff filed this civil action against the following defendants: (1) SCI Chester; (2) Superintendent Lamas; (3) Capt. Eason; (4) Agent Bradly; and (5) PA DOC. He describes the basis for his lawsuit as follows:

> I was charged for possession at SCI Chester and people who help Capt. Eason [and] Agent Bradley don't get charged. If any crime is committed on their property it should be prosecuted not choose who they want. I believe it is discriminatory basic indifference [and] discrimination.
>
> Capt Eason [and] Agent Bradley pulled me into his office and told me if I help them they will not press charges. If you help they will sweep it under the rug. I chose not to [and] got charged. If they don't prosecute someone being stab[b]ed which is a violent crime. Something is wrong.

1

(Compl. at 3, ¶ D.) Based on those allegations, plaintiff asks the Court to direct dismissal of the charges against him and award him damages.

## II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Vague and conclusory statements do not suffice to state a claim. *Id.* As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Initially, plaintiff cannot state a § 1983 claim against SCI Chester and the Pennsylvania Department of Corrections because those entities are essentially arms of the Commonwealth that share in the Commonwealth's immunity and are not considered "persons" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989); *Lavia v. Pa. Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000).

In any event, it is not clear what constitutional violation plaintiff believes occurred here because plaintiff provides very little factual information to give the Court an understanding of what happened to him. However, if plaintiff was caught with contraband while incarcerated and charged accordingly—whether in a disciplinary or criminal proceeding—those actions do not, without more, violate plaintiff's constitutional rights. Additionally, if plaintiff was charged in a criminal proceeding, this Court may not intervene in that proceeding. *See Younger v. Harris*, 401 U.S. 37, 43-44 (1971).

Plaintiff generally alleges that he was discriminated against but he does not elaborate on that allegation. Reading between the lines, it appears that plaintiff is upset that inmates who cooperate with authorities are given leniency when caught with contraband in comparison with those who do not cooperate, such as himself. If so, that reality does not plausibly support a conclusion that plaintiff's constitutional rights were violated. Plaintiff cannot claim that he was not treated equally as compared to individuals who cooperated with authorities because he is not similarly situated to those individuals. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 243 (3d Cir. 2008) ("[T]o state a claim for "class of one" equal protection, a plaintiff must at a minimum allege that he was intentionally treated differently from others similarly situated by the defendant and that there was no rational basis for such treatment."). Furthermore, prosecutors regularly cooperate with defendants and grant leniency for that cooperation.

Finally, if plaintiff is bringing claims based on allegations that prison authorities failed to prosecute other crimes that occurred at the prison, his claims fail because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 n.1 (3d Cir. 2013) (per curiam) ("[T]here is no federal right to require the government to initiate

3

criminal proceedings."). While a failure to prosecute another's crime might seem unfair or frustrating to plaintiff, that failure does not provide plaintiff with a legal basis for a constitutional claim.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The dismissal is without prejudice to plaintiff filing an amended complaint in the event he can state a plausible claim. An appropriate order follows.