## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL CARIOLA,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **SCI CHESTER, et al.** | : | **NO. 17-3851** |
| **Defendants.** | | |

**MEMORANDUM**

**JONES, J.**                                                    **NOVEMBER 7, 2017**

Plaintiff Michael Cariola, a prisoner at the Chester County Prison, brings this action

pursuant to 42 U.S.C. § 1983 based on events that took place while he was incarcerated at the

State Correctional Institution at Chester. Plaintiff seeks leave to file an amended complaint. For

the following reasons, the Court will grant plaintiff leave to file an amended complaint, construe

his motion as his amended complaint, and dismiss the amended complaint for failure to state a

claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### I.    FACTS AND PROCEDURAL HISTORY

Plaintiff filed this civil action against the following defendants: (1) SCI Chester; (2)

Superintendent Lamas; (3) Capt. Eason; (4) Agent Bradly; and (5) PA DOC. His initial

complaint described the basis for his lawsuit as follows:

> I was charged for possession at SCI Chester and people who help Capt. Eason
> [and] Agent Bradley don't get charged. If any crime is committed on their property it
> should be prosecuted not choose who they want. I believe it is discriminatory basic
> indifference [and] discrimination.

> Capt Eason [and] Agent Bradley pulled me into his office and told me if I help
> them they will not press charges. If you help they will sweep it under the rug. I
> chose not to [and] got charged. If they don't prosecute someone being stab[b]ed
> which is a violent crime. Something is wrong.

1

(Compl. at 3, ¶ D.) Based on those allegations, plaintiff asked the Court to direct dismissal of the charges against him and award him damages.

After granting plaintiff leave to proceed *in forma pauperis*, the Court dismissed his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The Court explained that the Pennsylvania Department of Correction and SCI-Chester could not be sued pursuant to 42 U.S.C. § 1983. The Court also found no grounds for a constitutional violation based on the fact that plaintiff was charged, either in a disciplinary proceeding or criminal action, for possessing drugs. The Court also concluded that plaintiff did not have a basis for an equal protection claim to the extent he was claiming he should be treated the same as inmates who cooperated with authorities when he declined to cooperate. Plaintiff was also informed that he lacked any judicially cognizable interest in the prosecution of others for any crimes or infractions they may have committed. Plaintiff was given leave to file an amended complaint in the event he could state a plausible claim.

Plaintiff returned with a motion for leave to file an amended complaint, which the Court will grant and treat as his amended complaint in this matter. The amended complaint raises claims against Superintendent Lamas, Darryl Bradley (identified as the outside investigator for the Pennsylvania Department of Correction), and Captain Eason. Plaintiff alleges that he was charged with possession with the intent to deliver. Bradley interviewed plaintiff and told plaintiff that he "could work it off[] and he wouldn't get charged." (Am. Compl. at 1.) Plaintiff refused that offer and was charged accordingly. Plaintiff learned that other inmates in similar situations were also charged criminally if they failed to cooperate with authorities. Plaintiff believes that he was treated unfairly because, according to him, he has observed more serious crimes during his incarceration at SCI-Chester that were not prosecuted.

Plaintiff alleges that his constitutional rights have been violated and that the defendants have also violated the Declaration of Human Rights. He primarily seeks damages.

## II.    STANDARD OF REVIEW

As plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Vague and conclusory statements do not suffice to state a claim. *Id.* As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Nothing in the amended complaint sets forth a plausible basis for concluding that plaintiff's constitutional rights have been violated. He was charged for possession with intent to distribute—a crime that he does not deny committing. "In the ordinary case, 'so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, . . . generally rests entirely in his discretion.'" *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (quoting *Bordenkircher v. Hayes*, 434 U.S.

357, 364 (1978)); *see also Miller v. Mitchell*, 598 F.3d 139, 155 (3d Cir. 2010) ("[T]here is a 'presumption of regularity behind the charging decision'").

Nothing described in the amended complaint plausibly suggests that prosecutorial discretion was exercised in plaintiff's case in a manner that violated the constitution. While it may seem unfair to plaintiff that other instances of criminal conduct at the facility did not lead to criminal charges, those circumstances—to the extent they are clear from the complaint—are not analogous to plaintiff's circumstances so as to state an equal protection claim. Indeed, it appears from the complaint that plaintiff was treated the same as those similarly situated. The fact that individuals who cooperate with authorities receive leniency while individuals such as plaintiff who refuse to cooperate do not, also does not establish a plausible constitutional violation. The criminal justice system recognizes that defendants who cooperate may be treated more favorably than those who do not. *See* U.S.S.G. § 5K1.1. Finally, the Declaration of Human Rights does not support a federal cause of action that would allow plaintiff to proceed with his lawsuit. *See United States v. Chatman*, 351 F. App'x 740, 741 (3d Cir. 2009) ("[T]he *Universal Declaration of Human Rights* is a non-binding declaration that provides no private rights of action."); *LeJon-Twin El v. Marino*, No. CV162292KMMAR, 2017 WL 592232, at \*6 (D.N.J. Feb. 14, 2017) (plaintiff did not establish that the Declaration of Human Rights "give[s] right to a federal-court cause of action").

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). As the Court understands plaintiff to be pursuing claims based on events that do not support a constitutional violation, he will not be given leave to amend. An appropriate order follows.

4